1

2

3

4

5

6

7

8                          UNITED STATES DISTRICT COURT

9                          EASTERN DISTRICT OF CALIFORNIA

10

11   DAVID WAYNE CROCKER,              )          1:07-cv-01847-LJO-SMS-PC
                                       )
12          Plaintiff,                 )          FINDINGS AND RECOMMENDATIONS
                                       )          RECOMMENDING DISMISSAL OF
13      vs.                            )          ACTION FOR FAILURE TO STATE A
                                       )          CLAIM
14   JAMES YATES, et al.,              )
                                       )          OBJECTIONS, IF ANY, DUE IN THIRTY
15          Defendants.                )          (30) DAYS
                                       )
16   _____)

17          Plaintiff, David Wayne Crocker ("plaintiff"), is a state prisoner proceeding pro se and in forma

18   pauperis in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff filed the complaint on

19   December 19, 2007.  (Doc. 1.)

20   **I.      SCREENING REQUIREMENT**

21          The court is required to screen complaints brought by prisoners seeking relief against a

22   governmental entity or officer or employee of a governmental entity.  28 U.S.C. § 1915A(a).  The court

23   must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous

24   or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief

25   from a defendant who is immune from such relief.  28 U.S.C. § 1915A(b)(1),(2).  "Notwithstanding any

26   filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time

27   ///

28                                             1

1   if the court determines that . . . the action or appeal . . . fails to state a claim upon which relief may be

2   granted." 28 U.S.C. § 1915(e)(2)(B)(ii).

3          A complaint, or portion thereof, should only be dismissed for failure to state a claim upon which

4   relief may be granted if it appears beyond doubt that plaintiff can prove no set of facts in support of the

5   claim or claims that would entitle him to relief.  See Hishon v. King & Spalding, 467 U.S. 69, 73 (1984),

6   citing Conley v. Gibson, 355 U.S. 41, 45-46 (1957); see also Palmer v. Roosevelt Lake Log Owners

7   Ass'n, 651 F.2d 1289, 1294 (9th Cir. 1981).  In reviewing a complaint under this standard, the court must

8   accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees,

9   425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve

10  all doubts in the plaintiff's favor.  Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

11  **II.      SUMMARY OF COMPLAINT**

12         Plaintiff is a state prisoner presently incarcerated at Mule Creek State Prison in Ione, California.

13  The events at issue allegedly occurred during parole hearings at Pelican Bay State Prison, Calipatria

14  State Prison, Lancaster State Prison, and Pleasant Valley State Prison ("PVSP") while plaintiff was

15  incarcerated at those facilities.  Plaintiff names as defendants the State of California, James Yates

16  (Warden at PVSP), Mr. Koenig (Former Commissioner of Board of Prison Terms ("BPT")), Mureen

17  O'Connell (Former Commissioner of BPT), Al Angele (Former Commissioner of BPT), Ed Martinez

18  (Commissioner of BPT), Ramon Estrada (Deputy Commissioner of BPT), the California Department

19  of Corrections and Rehabilitation, the Board of Parole Hearings ("BPH"), and Mary Ann Tardiff

20  (Attorney).

21         Plaintiff alleges the BPH relied on the wrong method to calculate his date of eligibility for parole.

22  Plaintiff alleges that he was sentenced under a 1977 statute whose provisions should be used to

23  determine his date of parole.  He alleges that the 1978 statute which amended the 1977 statute does not

24  apply to him because he did not sign a waiver.  Plaintiff also alleges that BPT commissioners and his

25  attorney violated his constitutional rights by not using the correct method to calculate his parole date and

26  by not allowing him to make his arguments about the method to calculate his parole date at the parole

27  hearings.

28

2

1    Plaintiff seeks monetary damages and injunctive relief, including an order requiring the BPH to

2    calculate plaintiff's parole date using the 1977 statute.

3    **III.    PLAINTIFF'S CLAIMS**

4    **Challenge to Parole Date and Claims Against BPT Employees**

5    When a prisoner challenges the legality or duration of his custody, or raises a constitutional

6    challenge which could entitle him to an earlier release, his sole federal remedy is a writ of habeas corpus.

7    Preiser v. Rodriguez, 411 U.S. 475 (1973); Young v. Kenny, 907 F.2d 874 (9th Cir. 1990), cert. denied

8    11 S.Ct. 1090 (1991).   "[A] state prisoner's § 1983 action is barred (absent prior invalidation) - no

9    matter the relief sought (damages or equitable relief), no matter the target of the prisoner's suit (state

10   conduct leading to conviction or internal prison proceedings) - if success in that action would necessarily

11   demonstrate the invalidity of confinement or its duration." Wilkinson v. Dotson, 544 U.S. 74, 81-2, 125

12   S.Ct. 1242, 1248 (2005).  Where the complaint states a habeas claim instead of a § 1983 claim, the court

13   should dismiss the claim without prejudice for failure to exhaust, rather than converting it to a habeas

14   and addressing it on the merits.  See Blueford v. Prunty, 108 F.3d 251, 255 (9th Cir. 1997); Trimble v.

15   City of Santa Rosa, 49 F.3d 583, 586 (9th Cir. 1995).

16   In the complaint, plaintiff claims he was subjected to cruel and unusual punishment under the

17   Eighth Amendment and violations of his due process and equal protection rights under the Fourteenth

18   Amendment.  He states that he is seeking "the correct method, in [his] case, that the Board has to follow

19   to determine parole" and not challenging his conviction, term, or duration of imprisonment.[1]   However,

20   notwithstanding plaintiff's denials that he is not challenging the duration of his imprisonment, the

21   remedy he seeks raises a constitutional challenge which could entitle him to an earlier release.  Although

22   plaintiff states that he is seeking "the correct method . . . to determine parole," the result he seeks, a

23   finding that the "correct method" is the one not being applied by the BPH, would result in re-calculation

24   of his parole eligibility date using a different formula, which could entitle him to an earlier release.

25   ///

26

27        [1]Complaint at page 6 [page 3 of the handwritten portion of the complaint], lines 5-12.

28                                                    3

1   Therefore, plaintiff's sole federal remedy for challenging the method used to calculate his parole date

2   is a writ of habeas corpus.

3   **III.     CONCLUSION**

4        The court finds that plaintiff's complaint does not contain a claim upon which relief may be

5   granted under section 1983.  The court also finds that the deficiencies in the complaint are not capable

6   of being cured by amendment, and therefore leave to amend should not be granted.  28 U.S.C. §

7   1915(e)(2)(B)(ii); <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448-49 (9th Cir. 1987).  Therefore, based on the

8   foregoing analysis, the court HEREBY RECOMMENDS that this action be dismissed, without

9   prejudice, based on plaintiff's failure to state a claim upon which relief may be granted under section

10  1983.

11       These Findings and Recommendations will be submitted to the United States District Judge

12  assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l).  Within **thirty (30) days**

13  after being served with these Findings and Recommendations, plaintiff may file written objections with

14  the court.   The document should be captioned "Objections to Magistrate Judge's Findings and

15  Recommendations."  Plaintiff is advised that failure to file objections within the specified time may

16  waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

17  IT IS SO ORDERED.

18  **Dated:     April 18, 2008**                      **/s/ Sandra M. Snyder**
                                              UNITED STATES MAGISTRATE JUDGE

19

20

21

22

23

24

25

26

27

28                                        4